## Commonwealth v. Leonzi

*Murray Mackson*, Assistant District Attorney, for Commonwealth.

*Robert Lazorchick*, for defendant.

HEIMBACH, P. J., May 16, 1973.—Defendant was found guilty of failing to stop his vehicle before entering a through highway. He took an appeal and the matter is now before us for disposition.

Prior to taking any testimony, defendant moved to quash the citation issued and served upon him by the prosecutor, a borough police officer in uniform, for the alleged offense, because, he says, the citation, having been issued and served on a Sunday, is void under the provisions of section 4, Act of 1705, 1 Sm. L. 25, 44 PS §1.* We reserved judgment on such motion and took testimony on the merits.

We are satisfied defendant is guilty of the charge. Thus, the narrow issue before us is whether section 4, Act of 1705, footnote supra, voids a citation issued by a borough police officer in uniform on a Sunday. We hold it does not.

## DISCUSSION

Pennsylvania Rule of Criminal Procedure 51A(1) provides that criminal proceedings may be instituted by a citation when the offense is a summary offense under The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §1201(c), provided the police officer is in uniform.

Pennsylvania Rule of Criminal Procedure 52(A) requires the citation shall contain the following averments, viz.:

"(a) the name and address of the organization, and badge number, if any, of the police officer;

---

* It is provided: "No person or persons, upon the first day of the week, shall serve or execute, or cause to be served or executed, any writ, precept, warrant, order, judgment or decree, except in case of treason, felony or breach of the peace; but the serving of any such writ, precept, warrant, order, judgment or decree shall be void, to all intents and purposes whatsoever."

"(b) the name and address of the defendant;

"(c) the date and time when the offense is alleged to have been committed; provided however, if the [date or] day of the week is an essential element of the offense charged, such [date or] day must be specifically set forth;

"(d) the place where the offense is alleged to have been committed;

"(e) a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged;

"(f) the signature of the police officer and date of issuance.

"(2) The copy delivered to the defendant shall contain a notice to him:

"(a) That the original copy of the citation will be filed before the issuing authority of the magisterial district named in the citation, whose name and address shall be contained in the citation."

Rule 52(b) provides "that the defendant shall within 10 days of issuance, either:

"(i) Plead not guilty by:

"(1) appearing before the named issuing authority, entering his plea and posting such security for his appearance at trial as the issuing authority shall require; or

"(2) notifying the named issuing authority in writing of his plea and forwarding an amount equal to the fine and costs specified in the citation, or if not specified, the sum of $50 as security for his appearance at trial;

"or

"(ii) plead guilty by:

"(1) forwarding to the named issuing authority an amount equal to the fine and costs when specified in

the statute or ordinance, which amount shall be set forth in the citation; or

"(2) appearing before the named issuing authority when the fine and costs are not specified in the statute or ordinance.

"(c) that failure to respond to the citation as herein provided within the time specified shall result in the issuance of a warrant for the arrest of the defendant."

Rule 54 provides:

"(a) A police officer, upon issuing a citation, shall serve a copy upon the defendant.

"(b) Within five (5) days thereafter, the police officer shall cause the original to be filed with the issuing authority named in the citation.

". . .

"(d)  An issuing authority before whom a citation is filed shall, if proper response is not made in accordance with these rules by the defendant within the ten (10) days prescribed, notify the police officer within three (3) days thereafter.

"(4) The police officer shall appear before the issuing authority within twenty (20) days following such notice, and under oath shall attest to the facts contained in the citation previously filed. Thereafter, the issuing authority shall issue a warrant for the arrest of the defendant."

Prior to the adoption of the Pennsylvania Rules of Criminal Procedure, proceedings for summary offenses under The Vehicle Code were commenced by filing an information with the justice of the peace and for notice of such filing being given to those charged with a violation by registered mail under section 1202(a) of The Vehicle Code, 75 PS §1202(a). Such section has now been repealed: Commonwealth v. Braganini, 51 D. & C. 2d 435.

In Commonwealth v. Schlegel, 45 D. & C. 2d 425, we held the issuance of an information was not affected by the Act of 1705, footnote supra, although we recognized that our views were not shared by our brethren lower court judges. See cases cited at page 427. We said, at page 427:

" [W]e do not share the view that such Act of 1705 has any applicability whatsoever. The wording seems clear that the statute in itself does not prohibit any proceedings preliminary to the 'serving or executing or causing to be served or executed any warrant,' etc., and only makes void the act of serving such warrant, etc., after its issuance."

We hold the same rationale applies to the initial issuance and serving of the citation. No judicial act governed by the Act of 1705, footnote supra, occurs until the original copy of the citation is received by the issuing authority for filing: Pa. R. Crim. P. 52(b), supra. The act of the issuing authority in accepting the citation for filing and any act thereafter, i.e., the issuing of or the serving of a warrant on a Sunday, would be prohibited acts under the Act of 1705.

Wherefore, we enter the following

### ORDER

Now, to wit, May 16, 1973, we find defendant guilty of the charge of failure to stop before entering a through highway. The sentence is that you, Patrick Robert Leonzi, pay the costs and a fine of $5.

In the event the amount of security posted is not sufficient to pay the fine and costs involved, and you fail to pay the balance owing on or before June 1, 1973, you are to appear in court at the call of the district attorney for sentencing.